UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-244 |
| | § | |
| SOPHEAK OTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Pending before the Court is Plaintiff's Motion to Compel Production. (D.E. 41). Defendants have filed their Response. (D.E. 49). This case has been referred to the undersigned for case management, including ruling on procedural and discovery motions, pursuant to 28 U.S.C. § 636. (D.E. 7). The Motion is **DENIED** for the reasons set forth below.

### I. BACKGROUND AND PROCEDURAL HISTORY

On August 23, 2019, Plaintiff Sophy Treadway brought this civil action against Defendants Sopheak Otero, Matthew Otero, and Exxizz Foods, Inc., d/b/a Rockport Donuts. Plaintiff has alleged three "counts" of human trafficking against the defendants. (D.E. 1). Generally, she alleges she was brought to the United States from Cambodia and forced to perform labor for inadequate compensation. Plaintiff brings her claims pursuant the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, 1590, and 1595.

Plaintiff is alleged to be the second cousin of Defendant Sopheak Otero. (D.E. 1,

Page 2). Plaintiff alleges Defendants Sopheak Otero and Matthew Otero ("Defendants Otero") hired Plaintiff as a domestic servant in 2008 while they were living in Cambodia. (D.E. 1, Page 2). Plaintiff alleges Defendants Otero later returned to the United States and in 2011 arranged to have Plaintiff brought to the United States. (D.E. 1, Page 2). Plaintiff alleges on her arrival in the United States she worked for Defendants Otero as a domestic servant and also as an employee at their doughnut shop in Rockport, Texas. (D.E. 1, Page 3). Plaintiff claims she was forced to work long hours for little or no pay until 2016. (D.E. 1, Page 6).

The discovery period in this case closes on June 1, 2020. (D.E. 24). The trial is set for October 13, 2020. On January 15, 2020, a telephonic pre-motion conference[1] was held before the undersigned regarding the parties' disagreements over discovery. The undersigned found the parties needed to confer more thoroughly before involving the Court in the dispute. (D.E. 30). Additionally, the undersigned found that Plaintiff's request for production of Defendant Matthew Otero's financial records was overly broad. (D.E. 44, Page 8). The undersigned admonished Plaintiff's counsel that "[n]ine years of all of these records is excessive, requiring all of his bank statements, his investments, his loans, his tax returns, is ***completely*** unreasonable." (D.E. 44, Page 8)(emphasis added).

A second pre-motion conference was held on January 31, 2020, at which the undersigned granted Plaintiff leave to file a motion to compel discovery. Leave to file the motion to compel was granted not because of the merits of the Plaintiff's position, but

---

[1] United States District Judge Nelva Gonzales Ramos and the undersigned require in our scheduling orders that "any party wishing to make any discovery motions must arrange for a pre-motion conference with the Court before the preparation and submission of any motion papers. That includes a motion to compel, to quash, for protection, or for sanctions." (D.E. 24, Page 4).

because the undersigned wanted to fully understand the parties' dispute and applicable authorities. At both pre-motion hearings, the undersigned cautioned counsel that sanctions in the form of costs and attorney's fees would be ordered if appropriate under Rule 37 of the Federal Rules of Civil Procedure. (D.E. 44, Page 12). Plaintiff's lead counsel Xenos Yuen participated in both pre-motion hearings. On February 3, 2020, Plaintiff's counsel Mr. Yuen filed his motion to compel discovery. (D.E. 41). On February 5, 2020, Defendants filed their response. (D.E. 44).

## II. DISPUTED DISCOVERY

Plaintiff's motion to compel is not well briefed. Plaintiff identifies Plaintiff's Requests For Production 17-26 as the subject of this discovery dispute. (D.E. 41, Page 6). These Requests for Production are purportedly reproduced in footnotes 1-8 of Plaintiff's motion to compel. (D.E. 41, Pages 6-7). However, the discovery requests set forth in Plaintiff's brief do not correspond to the actual discovery request, that is, Plaintiff's Requests For Production To Matthew Otero. (D.E. 41-1). For example, in her motion, Plaintiff represents that Request for Production 18 concerns state income tax returns for Defendant Otero. (D.E. 41, Page 6, n. 2). However, the actual Request For Production 18 concerns Mr. Otero's bank statements. (D.E. 41-1, Page 9). Plaintiff's errors are not limited to her motion to compel. For example, the actual Request For Production has two requests numbered 17 (D.E. 41-1, Pages 8-9) but each requests production of different documents.

These are just a few of the examples of mistakes in Plaintiff's briefing that made resolving this matter unnecessarily time consuming for the Court. Nevertheless, the

undersigned has read Plaintiff's Requests for Production to Matthew Otero and summarizes the disputed documents sought to be produced. In summary, Plaintiff seeks various financial records of Defendant Matthew Otero from 2010 to 2018. These records include tax returns, bank records, checks, wire transfers, brokerage accounts, trusts, monetary funds, real estate transactions, all loan application documents, vehicles owned, payments made to relatives who worked for the doughnut shop, and documents showing ownership in any corporation or partnership, or other business entity. Plaintiff maintains she needs these documents to show how Defendants benefited financially from the Plaintiff's labor. Additionally, Plaintiff maintains Defendant Otero admitted expending $40,000.00 to obtain visas for the Plaintiff and another person to enter the United States. Plaintiff argues that if true, the $40,000.00 expenditure by Defendants Otero would help prove Plaintiff's case, and if not true, the lack of evidence would have impeachment value. Plaintiff also maintains the Defendant Matthew Otero's net worth is relevant to the issue of punitive damages.

Defendants respond that the disputed Requests for Production are overly broad and unduly burdensome and seek without limitation "virtually every conceivable personal financial record that Mr. and Mrs. Otero have had during that near decade." (D.E. 49, Page 2). Defendant further notes that despite the undersigned having sustained Defendants' objection that Plaintiff's request seeking nine years of documents is overbroad, Plaintiff's counsel persisted in seeking discovery on the requests as originally propounded making no effort to limit any request. (D.E. 49, Page 2-3). Defendants' response also provides information about the Defendants' revenue and the costs of this

litigation. Defendants' response further identifies the individual requests for production and describes how Defendants have made a good faith effort to respond, identifying the types of documents that have been provided to counsel for Plaintiff. (D.E. 49, Pages 9-19).

### III. LEGAL STANDARDS

The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure which provides: "[u]nless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

"Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case—which are related but distinct requirements." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573 (N.D. Tex. 2018) (citing *Samsung Electronics Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017)).

Rule 34(b) concerns requests for production of documents and states that the request "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection

and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced." FED. R. CIV. P. 34(b).

Under Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. FED. R. CIV. P. 37(a)(3)(B)(iv); *Lopez* at 574 (citing *Crosswhite v. Lexington Ins. Co.*, 321 Fed. Appx. 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. FED. R. CIV. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.' FED. R. CIV. P. 26(c)(1)(D); *see also* FED. R. CIV. P. 37(a)(5)(B).")).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party resisting discovery must also show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017) (citing *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005)).

## IV. ANALYSIS

Defendants have established that Plaintiff's requests for production are overly broad and unduly burdensome. Plaintiff's requests seek "all documents" "all bank records" "all bank statements" etc. The requests seek a blanket production of documents without any effort to tailor the request to the particulars of the case. Plaintiff's stated reasons for these requests lack merit. Plaintiff does not need all of Defendant Matthew Otero's tax returns or checking account statements to establish his net worth or that the Defendants benefited from Plaintiff's labor. It is not clear to the undersigned that Plaintiff needs any of these records. Further, Mr. Otero has admitted paying to bring Plaintiff to the United States, a fact apparently relevant to Plaintiff's case. Requiring Mr. Otero to incur the expense of producing all of his financial records to prove a fact he has already admitted is simply not proportionate to the needs of the case. Additionally, Plaintiff's request for production of these documents for a period of eight years, from 2010 – 2018, is unduly burdensome. Finally, the undersigned has read all of the matters submitted by both sides and finds counsel for Defendants has responded reasonably in good faith to Plaintiff's request for discovery. In sum, the relevance of the documents sought to be produced is minimal and not proportionate to the needs of the case. Plaintiff's Motion to Compel is **DENIED**.

## V. SANCTIONS

Regarding discovery sanctions, Rule 37(a)(5)(B) provides in part "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion,

or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

The undersigned specifically cautioned counsel at both hearings that Rule 37 sanctions may be appropriate if these unnecessary discovery disputes persisted. Additionally, the undersigned admonished Plaintiff's counsel Mr. Yuen: "But that does not explain or satisfy the Court why you've not communicated with your opposing Counsel to the Court's satisfaction on these discovery disputes. And you're ordered to do so before you take another minute of the Court's time." (D.E. 44, Page 13).

The undersigned finds Defendants and counsel for Defendants have acted reasonably and professionally in their discovery responses and dealings with counsel for Plaintiff. However, counsel for Plaintiff has not been reasonable. Counsel for Plaintiff, specifically Mr. Yuen, has taken an unnecessarily confrontational approach to resolving this discovery dispute. Mr. Yuen has resisted conferring with opposing counsel, has not returned telephone calls, and has been inflexible in scheduling times to confer with opposing counsel. Further, Mr. Yuen has been unnecessarily confrontational, taking a "my way or the highway" approach to discovery. (D.E. 44, Page 5).

Mr. Yuen has ignored the previous order of the Court that his requests for production are overbroad and unduly burdensome. At the pre-motion hearing on January 15, 2020, the undersigned sustained Defendants' objection that the requests for production were overly broad. (D.E. 44, Page 8). The Court explained to Plaintiff's

counsel that seeking production of "nine years of these documents is excessive . . . [and] completely unreasonable." (D.E. 44, Page 8). Such pre-motion conferences are designed to give the parties guidance to assist them in obtaining appropriate discovery and avoiding unnecessary disputes. However, even after the Court's ruling on the exact issue now again before the Court, Plaintiff's counsel has persisted in seeking production of documents in a manner the undersigned has determined is overly broad and unduly burdensome. Plaintiff's counsel has acted unreasonably in not seeking to more narrowly tailor his requests by limiting the number of years and more specifically identifying documents that may have some relevance to this case. Therefore, counsel for Plaintiff shall show cause why he should not be sanctioned.[2]

## VI. CONCLUSION

Plaintiff's Motion to Compel is **DENIED** for the reasons set forth above. It is **ORDERED** that Defendant Mathew Otero is **PROTECTED** from further responding to Plaintiff's Requests for Production, other than his duty to supplement. It is further

**ORDERED** that Counsel for Plaintiff, Xenos Yuen, **SHALL** file a brief on or before **February 12, 2020**, and show cause why he should not be ordered to pay Defendants their reasonable expenses, including attorney's fees, incurred in defending this motion.

Counsel for Defendants is **ORDERED** to file a statement of the costs and attorney's fees Defendants incurred in defending this motion on or before **February 12,**

---

[2] Plaintiff's counsel has been sanctioned by the undersigned in a related case for series of instances of neglect. *Treadway v. Otero*, No. 2:18-cv-00259 (S.D. Tex. April 3, 2019)(order imposing sanctions).

9 / 10

**2020**. Defense counsel may file any response to Plaintiff's brief on or before **February 18, 2020**.

ORDERED this 7th day of February 2020.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge