Case 2:19-cv-00244   Document 136   Filed on 08/05/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-244 |
| | § | |
| SOPHEAK OTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER IMPOSING DISCOVERY SANCTIONS

On February 24, 2020, the undersigned entered an Order Imposing Discovery Sanctions, ordering Plaintiff's counsel Xenos Man-Wah Yuen to pay defense counsel Andrea Maria Johnson $14,234.70 as a sanction for filing a discovery motion that was not substantially justified. (D.E. 61).[1] Plaintiff's counsel appealed this Order to United States District Judge Nelva Gonzales Ramos. (D.E. 64). On July 13, 2020, Judge Ramos upheld the award of sanctions, overruling Plaintiff's counsel's objections to the sanction order itself. (D.E. 124). However, Judge Ramos sustained Plaintiff's objections to defense counsel attorneys' fees evidence as to the amount sought, finding defense counsel had failed to submit the requested attorneys' fees and costs in the form of admissible evidence. (D.E. 124). The undersigned finds defense counsel has now remedied any deficiency. (D.E. 126 and all attached Exhibits). Further, the undersigned

---

[1]The factual background, analysis and findings related to this sanction order are detailed in both the February 24, 2020 Order Imposing Sanctions as well as the undersigned's earlier February 7, 2020 Order denying Plaintiff's Motion to Compel. (D.E. 52 and D.E. 61). Therefore, they need not be repeated here.

has considered Plaintiff's counsel's objections as to the amount of fees sought and finds them to be without merit. (D.E. 130). Defense counsel, as clearly stated in her briefing and in her affidavit, has already discounted the total number of hours in the billing record, which are sufficiently detailed and not duplicative, to remedy any billing listed for work not related to the motion to compel. (D.E. 126-1, Page 4 and D.E. 135). Additionally, the hourly rates billed are customary and reasonable. (D.E. 126 and all attached Exhibits and D.E. 135, Page 11).

Therefore, having again considered the discovery dispute, the history of this case, the conduct of the parties and their briefing, and having provided counsel for Plaintiff an opportunity to be heard on the issue of sanctions, the undersigned **FINDS** Plaintiff's Motion to Compel Production (D.E. 41) was denied for good cause and further **FINDS** the Motion was not substantially justified and there are no other circumstances that make an award of expenses unjust. The undersigned has considered all the parties' filings and **FINDS** the defense costs and attorneys' fees in the amount of $14,234.70 are reasonable and necessary.

Plaintiff's counsel has deposited a portion of this sanction award in the Court's registry. It is therefore **ORDERED** that the Clerk of Court shall remit these funds to defense counsel Andrea Marie Johnson upon her request.

It is further **ORDERED** that Plaintiff's counsel Xenos Man-Wah Yuen shall continue to remit to Ms. Johnson $1,000.00 on the first of every month until further order of the Court or until this sanction order is paid in full.

In the event of an appeal of this Order, Plaintiff's counsel shall continue to deposit $1,000.00 into the Court's registry on the first of every month until this sanction order is paid in full and the Clerk of Court shall secure all funds until further order of the Court.

ORDERED this 5th day of August, 2020.

                                                    Jason B. Libby
                                                  United States Magistrate Judge