United States District Court
Southern District of Texas
**ENTERED**
October 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SOPHY TREADWAY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-244 |
| § | |
| SOPHEAK OTERO, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER AFFIRMING MAGISTRATE JUDGE ORDERS

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred this case to Magistrate Judge Jason B. Libby to hear and determine any pretrial matter pending before the court. Dissatisfied with the Magistrate Judge's discovery ruling (D.E. 52) and sanctions order (D.E. 136), Plaintiff[1] has invoked this Court's power of review. With respect to the discovery ruling, the Court considers Plaintiff's objection (D.E. 59), Defendants' response (D.E. 65), Plaintiff's reply (D.E. 66), and Defendants' sur-reply (D.E. 69). With respect to the sanctions order,[2] the Court considers Plaintiff's objection (D.E. 143), Defendants' response (D.E. 145), and Plaintiff's reply (D.E. 149).

### STANDARD OF REVIEW

Both Orders (D.E. 52 and 136) are non-dispositive matters. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (discovery orders are non-dispositive); *Brown v. Bridges*,

---

[1] The sanctions order required Plaintiff's counsel to pay the award. However, the objections are filed on behalf of Plaintiff rather than her counsel. For ease of reference, the Court adopts this party reference in adjudicating the objections.

[2] The Court previously affirmed the Magistrate Judge's issuance of sanctions and remanded only for a reconsideration of the amount after requiring that attorney's fee evidence be submitted in admissible form and subject to Plaintiff's objection. D.E. 124.

No. 12-CV-4947-P, 2015 WL 410062, at *2 (N.D. Tex. Jan. 30, 2015) (a sanctions order is non-dispositive unless it eliminates a claim or defense).  Therefore, they are governed by the same standard of review:  "A judge of the [district] court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### A. The Discovery Order Is Not Infirm

In his discovery order, Magistrate Judge Libby denied Plaintiff's motion to compel because the discovery requests—which sought a full range of detailed financial information regarding Defendant Mr. Otero and all of his businesses over a nine-year time span—were overbroad, unduly burdensome, and disproportionate to the case. D.E. 52.  Plaintiff has briefed her objections as if this Court's review is entirely de novo.  She complains that the requested discovery is relevant, within the broad scope of discovery, and that the important nature of the case eliminates all concerns regarding disproportionality.  She suggests that if the Court does not find the order reversible in its entirety, then the Court should substitute its judgment and modify the order, allowing discovery of a smaller universe of documents.

As Defendants point out, nothing in the objections acknowledges the standard of review, much less demonstrates that the Magistrate Judge's findings of fact are clearly

erroneous or that his conclusions of law are in error. D.E. 65, pp. 1-2, 4-8. In reply, Plaintiff argues that the discovery order is the result of an error of law because Judge Libby misapplied the burden of proof by not requiring Defendants to submit evidence to support their claims of overbreadth, undue burden, and disproportionality. *See Chevron Oronite Co., L.L.C. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 232 (5th Cir. 2020) (allocation of burden of proof is a question of law); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (conclusory objections were appropriately overruled).

Discovery requests that are overbroad, burdensome, and disproportionate on their face need not be supported by evidence. *See generally*, *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, CV 08-4315, 2010 WL 11538662, at *5 (E.D. La. July 26, 2010) (citing *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003); *Fabian v. Dunn*, SA-08-CV-269-XR, 2010 WL 11597913, at *5 (W.D. Tex. Feb. 11, 2010). Thus there was no misallocation of the burden of proof. Moreover, with respect to Plaintiff's requests, the Magistrate Judge duly considered—on their face—the exhaustive scope of the requests, the minutely detailed nature of the response demanded, the long time span for which information was requested, the issues of the case, and Plaintiff's repeated refusals to cabin the discovery in any measure. The Magistrate Judge also considered the information Defendants had already produced in satisfaction of Plaintiff's need for discovery on the issues.

The Court rejects Plaintiff's argument that the Magistrate Judge erred in assessing the burden of proof. On the whole of the record, the Court finds no clear error. The

Court further declines Plaintiff's invitation to modify her discovery requests, as that matter was not presented to the Magistrate Judge in the first instance and was refused when the Magistrate Judge requested that Plaintiff do so. Plaintiff chose to stand on her discovery requests as propounded. The request to modify discovery comes too late when made for the first time in this Court. The Court AFFIRMS the Order Denying Motion to Compel (D.E. 52).

### B. The Sanctions Order Is Not Infirm

The Court has previously affirmed the sanctions order to the extent that the Magistrate Judge appropriately found Plaintiff's counsel to have engaged in sanctionable conduct. D.E. 124. The Court remanded the matter of the amount of sanctions, only. And the basis for remand was only to ensure that the evidence was in admissible form and that Plaintiff had an opportunity to object. *Id*. The Court did not previously consider whether the amount initially ordered was warranted. Now before the Court is Plaintiff's appeal of the new order, again awarding $14,234.70 in discovery-related attorney's fees as a sanction. D.E. 136. The Court's task is limited to a review of the propriety of the sanctions amount, a scope of review Plaintiff concedes. *See* D.E. 143, p. 4.

### 1. Rubric for Decision

The Supreme Court has established the following approach to the evaluation of fee awards:

> We emphasize, as we have before, that the determination of fees "should not result in a second major litigation." The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial

> courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation." We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.
>
> But the trial court must apply the correct standard, and the appeals court must make sure that has occurred. That means the trial court must determine whether the fees requested would not have accrued but for the frivolous claim. And the appeals court must determine whether the trial court asked and answered that question, rather than some other. A trial court has wide discretion when, but only when, it calls the game by the right rules.

*Fox v. Vice*, 563 U.S. 826, 838–39 (2011) (citations omitted) (addressing an award of fees to a prevailing party); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017) (applying the *Fox* standard to the award of fees as a sanction).

There is "A strong presumption that the lodestar figure—the product of reasonable hours times a reasonable rate—represents a 'reasonable' fee . . . ." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *OCA Greater Hous. v. Texas*, 1:15-CV-679-RP, 2017 WL 401275, at *3 (W.D. Tex. Jan. 30, 2017). The court's job is to "(1) ascertain the nature and extent of the services supplied by the attorney; (2) value the services according to the customary fee and quality of the legal work; and (3) adjust the compensation on the basis of the other *Johnson* factors that may be of significance in the particular case." *Leroy v. City of Hous.*, 831 F.2d 576, 583 n. 11 (5th Cir. 1987), *cert. denied*, 486 U.S. 1008 (1988).

The burden is on the fee applicant to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 896, n.11 (2011)).  Courts further require applicants to provide contemporaneous billing records or other documents, which are examined to determine which hours are compensable and which are not. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 755 (S.D. Tex. 2008).  "Using this [recorded] time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

Parties seeking attorney's fees have the burden of showing the reasonableness of the hours billed and also of proving that they exercised billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).  Counsel exercises billing judgment by documenting hours charged and the hours written off as unproductive, excessive, or redundant. *Id*. at 434.

### 2. Objections

While not clearly delineated, it appears that Plaintiff asserts the following objections:  (a) the sanctions award should not be affirmed while the appeal of the discovery order remains pending; (b) the order does not detail findings and conclusions, particularly with respect to the twelve *Johnson* factors; (c) the award does not apply prevailing rates for the correct community; (d) the award of fees is not adequately related

to the discovery issue for which sanctions were awarded; and (e) particular time entries should be noncompensable for various reasons. The Court discusses each in turn.

### a. Pending Appeal of Discovery Order

Plaintiff asserts that sanctions are inappropriate so long as her appeal of the discovery order remains pending. D.E. 143, p. 4.[3] According to her argument, if the Court were to reverse the discovery order, then Plaintiff's conduct would be vindicated—a matter that would make the award unjust. *Id*. (referencing Fed. R. Civ. P. 37(a)(5)(B)). The Court finds that this issue is moot because the Court has affirmed the discovery order, above. The Court has further affirmed the finding of Plaintiff's sanctionable conduct. D.E. 124. Therefore, Plaintiff has not been vindicated, her discovery conduct was not substantially justified, and there is no outstanding issue in that regard. The Court OVERRULES Plaintiff's objection based on her appeal of the discovery order.

### b. Detailed Findings and Conclusions

Plaintiff asserts that the Order (D.E. 136) is deficient in that it does not detail any particular findings of fact or conclusions of law, particularly with respect to the *Johnson* factors.[4] D.E. 143, p. 5. First, the Magistrate Judge clearly stated that he had reviewed the evidence, found Plaintiff's objections to be without merit, found that Defendants exercised billing judgment by discounting the number of hours and eliminating duplication, and approved the rates as customary and reasonable. D.E. 136, pp. 1-2. Findings regarding the discovery dispute and conduct that gave rise to the need for

---

[3] Plaintiff's briefing refers to the still-pending appeal of the discovery order, referencing D.E. 64. The Court disregards Plaintiff's confusion in this regard and reads her objection as referring to the appeal of the discovery order, which is D.E. 59.
[4] *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

sanctions were incorporated by reference from the prior orders. *Id.*, p. 1 n.1 (referencing D.E. 52, 61). The amount of the award was the precise amount rendered by Defendants' lodestar calculation. These findings are sufficient to support the award.

Plaintiff assumes that the *Johnson* factors were necessary adjustments to the lodestar rate and required specific findings, even though she acknowledges that many of those factors usually are subsumed within the lodestar calculation. D.E. 143, p. 7. In fact, many of those considerations were applied to Defendants' rates. D.E. 126-1, p. 5. The lodestar rate "may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citations omitted). Plaintiff has not stated what, if any, *Johnson* factor should have been applied or how it should have affected the fee calculation. The objection is OVERRULED.

### c. Prevailing Rates

Plaintiff complains that the prevailing rate in the community does not encompass rates charged in Houston because the Court sits in Corpus Christi. D.E. 143, p. 7. She further argues that Houston rates may only be charged if Defendants demonstrate that no Corpus Christi attorney was available, citing *Schwarz v. Case Secretary of H&HS*, 73 F.3d 895, 906-08 (9th Cir. 1995) (rates in Northern District of California versus Eastern District of California); *Bywaters v. United States,* 670 F.3d 1221, 1232-33 (Fed. Cir. 2012) (rates in the District of Columbia versus Eastern District of Texas), *Restivo v.*

*Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017) (rates in Southern District of New York versus Eastern District of New York).

As noted, those cases address rates that are different in two different districts. They do not address any disparity of rates in divisions within a single district. When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision. One sister court has written:

> Attorneys' fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Court considers the relevant community to be the judicial district in which the litigation occurred (the Southern District of Texas), not the particular division in which the case was pending. *Comar Marine Corp. v. Raider Marine Logistics, LLC*, 2016 WL 99208, at *4 (W.D. La. Jan. 7, 2016); see *Schlieper v. City of Wichita Falls*, 2003 WL 21355982, at *3 (N.D. Tex. June 6, 2003) ("[T]he Northern District of Texas ... is the relevant community. It takes the same degree of skill, same time, same talents and same abilities for a Wichita Falls located attorney to prepare and try a federal civil case in the Dallas Division as it does for a Dallas located attorney to try such a case in the Wichita Falls Division.").

*Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 6:12-CV-14, 2016 WL 3549483, at *5 (S.D. Tex. June 30, 2016) (Costa, J.), *aff'd*, 885 F.3d 794 (5th Cir. 2018); *Ramirez v. Lewis Energy Group, L.P.*, 197 F. Supp. 3d 952, 956 (S.D. Tex. 2016).

Regardless, the $400 per hour rate awarded was well within the Magistrate Judge's discretion, even if the relevant community was Corpus Christi and not Houston. While Plaintiff offered an affidavit (D.E. 130-1) suggesting a top rate of $300 per hour in Corpus Christi, the affidavit is contrary to awards made by this Court. *E.g.*, *Edwards v. 4JLJ, LLC*, No. 15-CV-299, 2019 WL 1382983, at *4 (S.D. Tex. Mar. 27, 2019)

(awarding fees in an FLSA case at a rate of $400/hour that the attorney had discounted from a regular rate of $475); *Rodriguez v. City of Corpus Christi*, 2:13-CV-134, 2016 WL 6683603, at *1 (S.D. Tex. June 13, 2016), *rev'd on other grounds*, 687 Fed. App'x 386 (5th Cir. 2017) (awarding a rate of $450/hour four years ago).

Because Defendants provided evidence that their rates were customary in this district, and because the rates are consistent with awards in this division, the Court finds no error in the Magistrate Judge's assessment of the rate. The objection is OVERRULED.

### d. Relation of Fees to the Sanctionable Conduct

Plaintiff argues that the Magistrate Judge should not have included all of the work that Defendants claim to have had to do in response to the discovery dispute—that not all of the fees relate to sanctionable conduct. D.E. 143, p. 8. Subsumed within the argument is the suggestion that Plaintiff was denied due process by not having an adequate opportunity to be heard and that the Magistrate Judge was not fair and impartial. *Id.*, p. 9. Plaintiff has failed to demonstrate clear error where she was afforded pre-motion conferences, a formal hearing on her motion to compel the requested discovery, appeal of the discovery order, appeal of the sanctions order, and an opportunity on remand to address the amount of the fees awarded as sanctions. And while the Magistrate Judge found defense counsel to be more credible, this does not demonstrate a lack of impartiality and is not a matter subject to reversal on appeal, absent clear error. *See generally*, *La. World Exposition, Inc. v. Logue,* 746 F.2d 1033, 1041 (5th Cir. 1984) (trial court is in the best position to assess credibility).

It is clear that the discovery requests were designed from the beginning for maximum intrusion into Defendant's finances and would require Herculean efforts for compliance. Defendants tried to work out the problem, Defendants tried to offer sufficient information to satisfy any legitimate need for the financial information, the Magistrate Judge held pre-motion conferences and repeatedly suggested that the requests were abusive before finally allowing Plaintiff to file the motion to compel.

Plaintiff cannot complain that the Magistrate Judge set him up for sanctions by allowing the motion when, in the final analysis, Plaintiff was entitled to a motion to prosecute the claim in order to preserve error, if nothing else. Even then, the Magistrate Judge cautioned Plaintiff that sanctions could issue if the motion was deemed to be an abuse of the discovery process. Plaintiff, duly warned, decided to proceed with her motion.

Under these circumstances, the Magistrate Judge was not limited to awarding fees for the last stage of the process. Plaintiff's objection that the fee award improperly includes preliminary stages of this discovery dispute is OVERRULED.

### e.  Plaintiff Has Not Demonstrated Clear Error in the Hours Included

At the outset, Plaintiff's objections to the hours included in the fee award constitute an attempt to relitigate the merits of her motion to compel. D.E. 143, p. 10. The process allowing for appeal of Magistrate Judge rulings to this Court does not include simply repeating arguments rejected by the Magistrate Judge. Plaintiff must show clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Her arguments do not do so.

With respect to Plaintiff's objections to specific hour entries in Defendants' billings, the Magistrate Judge reviewed the arguments and made findings of fact well within his purview.  The Court has reviewed the objections and the record and is not left with a definite and firm conviction that a mistake has been made.  There is no clear error and the objections are OVERRULED.

## CONCLUSION

For the reasons set out above, the Court AFFIRMS the Order Denying Motion to Compel (D.E. 52) and AFFIRMS the Order Imposing Discovery Sanctions in the amount of $14,234.70 (D.E. 136).

ORDERED this 6th day of October, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE