United States District Court
Southern District of Texas
**ENTERED**
October 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SOPHY TREADWAY, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-244 |
| § | |
| SOPHEAK OTERO, *et al*, § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Sophy Treadway filed this action against Sopheak Otero, Matthew Otero, and Exxizz Foods, Inc. d/b/a Rockport Donuts, alleging four counts of human trafficking. D.E. 48.  Before the Court are the parties' cross-motions for summary judgment.  D.E. 118, 121.  Also before the Court is Plaintiff's motion to strike a portion of Defendants' summary judgment evidence.  D.E. 129.  On September 4, 2020, United States Magistrate Judge Jason B. Libby issued his Memorandum and Recommendation (M&R, D.E. 147) denying Plaintiff's motion to strike, overruling Defendants' evidentiary objections, and recommending that this Court deny both summary judgment motions because there are disputed issues of material fact.

On September 18, 2020, Plaintiff timely filed her objections to the M&R.  D.E. 153 (addressing the M&R with respect to her motion to strike), 154 (addressing the M&R with respect to her motion for summary judgment).  Defendants have not filed objections, but have replied to Plaintiff's objections.  D.E. 155.  For the reasons set out below, the Court **DENIES** Plaintiff's motion to strike (D.E. 129) and **DENIES** both motions for

summary judgment (D.E. 118, 121) because there are genuinely disputed issues of material fact.

## STANDARD OF REVIEW

**Evidence**.  The denial of the motion to strike evidence is a non-dispositive matter within the Magistrate Judge's discretion.  *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003); *Knight v. Kirby Inland Marine*, 482 F.3d 347, 351 (5th Cir. 2007).  "A judge of the [district] court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

**Summary Judgment**.  Plaintiff sought a summary judgment that would be dispositive of all or part of certain claims.  Therefore, the Court reviews all objections to the recommendation on the motion for summary judgment under the de novo standard of review.  *E.g.*, *Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 381 (5th Cir. 2004).

## MOTION TO STRIKE

Plaintiff's moves to strike evidence of Plaintiff's alleged theft from the Donut Shop.  She claims that the allegation is scandalous and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).  She also contends that it is extrinsic evidence offered solely to impeach Plaintiff on an issue of character or to show that she acted in

conformity with the character of a thief. She argues that the theft allegation is not supported with evidence of any formal charge or conviction, it is irrelevant, and its prejudicial effect outweighs its probative value. *See* Fed. R. Evid. 401, 402, 403, 404(a)(1), (b), 608, and 609.

Plaintiff is incorrect. This evidence is not "extrinsic" to the events in this case. Defendants contend that their relationship with Plaintiff was mutually beneficial and proceeding on a voluntary basis until the allegation that Plaintiff stole money from Defendants. The allegation is evidence of the reason that the allegedly benign arrangement ended. It is not evidence based on an entirely different event, offered only to show that Plaintiff acted consistently with the character of a criminal. And because the voluntariness of Plaintiff's employment is highly relevant to the human trafficking allegations Plaintiff has brought, the Magistrate Judge did not err in finding that the probative value outweighs any prejudice.

Federal Rule of Civil Procedure 12(f) states that a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Assuming that Rule 12(f) applies here to motion practice, the Magistrate Judge was well within his discretion to deny the request to treat the theft allegation as scandalous.

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they

> should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action. Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party.

A. Miller, M. Kane & A. Spencer, 5C Federal Practice and Procedure § 1382 (3d ed.); *United States v. Coney*, 689 F.3d 365, 379–80 (5th Cir. 2012) (pleadings are not scandalous when they are relevant and supported by the record). Plaintiff has not shown that the evidence is irrelevant or that its inclusion has worked a prejudice incommensurate with its relevance.

Plaintiff has not demonstrated that the Magistrate Judge erred in denying the motion to strike evidence that Plaintiff stole from Defendants in the course of her employment. The Court OVERRULES Plaintiff's objections to the M&R on this basis.

## SUMMARY JUDGMENT MOTION

Plaintiff's first argument is that raising an issue of fact on "forced labor" does not necessarily raise an issue of fact on "peonage." She attempts to limit the existence of a fact question to only half of her claims. In her argument, she quotes the labor statute that renders null and void any peonage arrangement, whether for voluntary or involuntary labor. 42 U.S.C. § 1994. She thus suggests that Defendants may be liable with respect to peonage, even if Plaintiff provided her labor voluntarily.

But the difference between peonage and forced labor is not voluntariness. Instead, peonage is compulsory labor premised on the existence of a debt. Forced labor is compulsory labor without the existence or pretext of a debt. This is made clear in the set

4 / 10

of criminal statutes that provide the basis for Plaintiff's claims: 18 U.S.C. §§ 1581 (prohibiting peonage), 1589 (prohibiting forced labor), 1590 (trafficking), 1593A (benefitting from peonage or trafficking), and 1595 (providing a civil remedy). In the context of those statutes, actionable conduct involves holding, arresting, and returning a person in or to a condition of peonage. This requires forced labor:

> Peonage is a status or condition of ***compulsory service or involuntary servitude*** based upon a real or alleged indebtedness. In a prosecution for peonage, the law takes no account of the amount of the debt, or the means and method of coercion. It is sufficient to allege and prove that ***a person is held against his will and made to work*** to pay a debt.

*Pierce v. United States*, 146 F.2d 84, 86 (5th Cir. 1944) (citations omitted; emphasis added). Even the case on which Plaintiff relies takes the position that forced labor is at issue in peonage:

> But ***peonage, however created, is compulsory service,— involuntary servitude.*** The peon can release himself therefrom, it is true, by the payment of the debt, but otherwise the service is enforced. A clear distinction exists between peonage and the voluntary performance of labor or rendering of services in payment of a debt. In the latter case the debtor, though contracting to pay his indebtedness by labor or service, and subject, like any other contractor, to an action for damages for breach of that contract, can elect at any time to break it, and no law or force compels performance or a continuance of the service.

*Clyatt v. United States*, 197 U.S. 207, 215–16 (1905) (emphasis added).

The Magistrate Judge did not err in finding that a question of fact on forced labor was also a question of fact on peonage. The first objection is **OVERRULED**.

Second, Plaintiff objects to the Magistrate Judge's reliance on Defendants' summary judgment evidence. In particular, she objects to the social media evidence—which reflects Plaintiff's behavior that is inconsistent with compulsory servitude—on the basis that it was not properly authenticated and is irrelevant (based on her erroneous definition of peonage, rejected above). The requirement of authentication under Federal Rule of Evidence 901(a) is that there be sufficient evidence that the item is what the proponent says it is. The M&R reflects that "the social media, photos and text evidence are sufficiently authenticated in the Defendants' affidavits and in the parties' deposition testimony." D.E. 147, p. 9 n.9.

In part, Rocky Treadway, Plaintiff's husband, testified that Defendant Sopheak Otero was the one who set up Plaintiff's facebook account, that Plaintiff communicated regularly in that media, and he verified a number of photos. D.E. 137-9, pp. 19, 44-51, 60. This is some evidence to support authentication. Merely re-asserting her objection, as Plaintiff does, is not an adequate demonstration of error. Fed. R. Civ. P. 72. Indeed, Plaintiff has done nothing to throw doubt on the authenticity or truth of the evidence. Neither has Plaintiff shown that, but for this evidence, there would be no disputed issue of material fact. The Court **OVERRULES** Plaintiff's second objection.

Third, Plaintiff objects to Defendants' declarations as improperly self-serving and insufficient to overcome her erroneous concept of peonage. Again, to the extent that Plaintiff is arguing that she is entitled to summary judgment on the peonage claim even though she is not entitled to judgment on the forced labor claim, she is mistaken. And while both sides of this dispute rely on some self-serving testimony, Defendants'

statements are clear, direct, consistent, and corroborated in part by other evidence. *See* D.E. 147, p.9 n.9.

While the testimony may be self-serving, it is nevertheless some evidence. It is only Plaintiff's controverting evidence that prevents it from being dispositive. *See generally*, *Yowell v. Seneca Specialty Ins. Co.*, 117 F. Supp. 3d 904, 912 (E.D. Tex. 2015) (testimony that is self-serving, but is clear, positive, and direct can be taken as true as a matter of law if not contradicted, citing *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010)); *see also*, *Taylor v. Bair*, 414 F.2d 815, 818 (5th Cir. 1969) (interested witness testimony is admissible and subject to the jury's evaluation of credibility). The declarations are certainly sufficient to raise disputed issues of material fact. The Magistrate Judge did not err in finding Defendants' declarations and affidavits to raise fact issues. Plaintiff's third objection is **OVERRULED**.

Last, Plaintiff objects to the Magistrate Judge's recommendation that the Court strike Plaintiff's immigration law expert witness, Peter Williamson. The M&R finds that Plaintiff submitted his expert report after the deadline, the report contains inadmissible legal conclusions, Williamson is not qualified to offer his testimony on damages, and Defendants were prejudiced by the late submission. D.E. 147, p. 9 n.9. The Fifth Circuit considers four factors with respect to excluding an improperly designated expert: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Plaintiff's deadline to designate experts, including producing expert reports, was April 1, 2020.  D.E. 24.  She admits that, while she identified Williamson, she did not produce his report.  Defendants' deadline to designate opposing experts was May 1, 2020.  Defendants identified their experts, but did not produce reports, reciting that Plaintiff had not timely submitted her reports.  D.E. 86.  Thus they had nothing for their experts to respond to.  And *Daubert* motions were due by July 10, 2020—a deadline that was extended at Defendants' request over Plaintiff's opposition.  D.E. 24, 112.  In fact, the Magistrate Judge's Order noted Plaintiff's unreasonable opposition to the short extension of the *Daubert*/dispositive motion deadline, given the pandemic and her own requests to extend time on other deadlines when it was for her benefit.  D.E. 112.

Williamson's opinion, in the form of a July 8, 2020 affidavit, does not appear of record until July 10, 2020, when Plaintiff filed her motion for summary judgment.  *See* D.E. 119-6.  Defendants requested exclusion of the opinion testimony.  Plaintiff argues that Williamson was identified timely, even though his report was admittedly late—filed on the same date that served as the deadline for Defendants to seek to strike it.  She does not address the M&R's observation that a preliminary report could have been submitted, subject to supplementation.  And while she suggests a number of reasons the delay in submitting the report should be excused, she did not seek or obtain an extension of time to accommodate those excuses before allowing the deadline to pass.  And, as noted, she had opposed extensions on the same basis when they might benefit Defendants.  Plaintiff's failure to meet the deadline and the prejudice it caused—prejudice she

addresses only with a conclusory denial—are sufficient reasons to strike Williamson as an expert.

Plaintiff further defends the content of the opinion, suggesting that an expert's opinion on legal questions is permissible, and that his unqualified opinion on damages was not necessary to the summary judgment proceedings, which was primarily addressed to issues of liability. The Court has reviewed the affidavit and finds that it is a series of factual and legal conclusions addressing only evidence favorable to Plaintiff. Legal opinions that are mere avenues for advocacy, telling the trier of fact what to decide are improper and inadmissible. *Estate of Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999).

Reviewing the *Betzel* factors, the Court concludes that Plaintiff has not adequately explained her failure to provide her expert's report in a timely manner, particularly given that it is based on the law and her own view of the evidence, negating the professed need to conclude discovery. Williamson's testimony is not important in that it will not assist the jury in evaluating the facts but will only confuse the jury with additional advocacy. Allowing the testimony would be prejudicial in that Defendants' deadlines to designate their opposing witnesses and to seek to exclude the witness on *Daubert* grounds has passed. Therefore, all of the considerations weigh in favor of excluding Williamson's expert opinion as untimely and inadmissible. The Court **OVERRULES** Plaintiff's fourth objection.

Having reviewed the findings of fact, conclusions of law, determinations, and recommendations set forth in the Magistrate Judge's Memorandum and

Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the recommendations in the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Plaintiff's motion to strike (D.E. 129) is **DENIED** and both parties' motions for summary judgment (D.E. 118, 121) are **DENIED**.

ORDERED this 8th day of October, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE