IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, | ) | |
|     Plaintiff, | ) | |
| v. | ) | 2:19-CV-00244 |
| SOPHEAK OTERO, ET AL, | ) | |
|     Defendant | ) | |

._____

**OBJECTIONS OF SOPHY TREADWAY TO ATTORNEY'S FEE AFFIDAVIT OF DEFENDANTS**

Subject to its objection to the Court's consideration of the entry of sanctions pertaining to Defendants' request for sanctions within its response to the Supplemental Expert Designation, Plaintiff Sophy Treadway ("Miss Treadway or "Plaintiff") files these objections to the Statement of Fees Related to Sanctions Order (D.E. 170) and respectfully shows:

*Introduction*

Though Defendants have sought sanctions without providing Plaintiff the 21 day notice Federal Rule of Civil Procedure 11 requires as a prerequisite to the awarding of sanctions, and though the proceedings pertaining to that request do violate the Due Process rights of Miss Treadway, Plaintiff files these objections to the Statement of Fees in compliance with the Court's order:

1. None of the fees contained in the Statement of Fees may be awarded because Defendants did not serve a motion for sanctions on Plaintiff twenty-one days before Defendants filed the Request;

1

2. The attorney's fee request was not served on Plaintiff 21 days before the filing of the request for sanctions; and

3. The Response, the focus of the work detailed in the Statement of Fees is a well – written eighteen page document consisting of, at most a 4 - 5 page argument.

*Objection 1 – The Attorney's Fees Requested are not Recoverable because Plaintiff was not Afforded the Opportunity to Withdraw the Supplemental Designation*

As stated in the Memorandum of Law (D. E. 173), a movant may not obtain sanctions under Rule 11 unless it files a separate motion for sanctions and it serves the motion twenty one days before it files it. The latter requirement was designed to permit a party who has been served a motion for sanctions to withdraw the pleading or motion to which the movant objects. If the filing party withdraws the filing, sanctions are not available.

Under Rule 11, the movant bears the cost for fees and costs incurred in preparing its motion for sanctions until it has both served the motion upon the filing party 21- days before the motion is submitted to the court, and the filer fails to withdraw the offending document. If, however, as in this case, the sanctions movant fails to give the advance notice before filing, it necessarily follows that fees incurred for preparing the motion remain the responsibility of the movant. Thus, Defendants cannot shift that burden to Plaintiff, having deprived her of the opportunity to withdraw.

One can certainly speculate as to whether Miss Treadway would have withdrawn the designation if it had received the motion before the filing. But surmising what might have happened does not alter the fact that Defendants did not provide the mandatory notice. Therefore, they must bear the costs of their request for sanctions.

*Objection 2 – The Attorney's Fees Requested were not Included in the Response in which the Sanctions were Requested*

Defendants' request for sanctions consists of two parts: the Statement of Fees and the request for fees within the response. The description of the fees incurred in making the request for sanctions was not served upon Plaintiff until one month and ten days after service of the Response, not 21 days before the initial request for sanctions. Thus, Plaintiff objects to the Statement of Fees in its entirety.

*Objection 3 – The Attorney's Fees Requested are not Reasonable and Necessary Given the Essence of Defendants' Argument, the Length of the Response and Defendant's Redundant Work on Irrelevant Matters*

Defendants argue essentially argue within the Response that the time for Plaintiff to supplement its expert list has come and gone, that the Court had already rejected the expert she wished to designate and that the designation "was a purposeful effort at ambush". While elaboration of these themes over the course of a few pages is understandable, the submission of eighteen pages of the same arguments in various forms is neither reasonable nor necessary. At most a five page

response would be reasonable and necessary. Thus, at most, 7.5 hours of lawyer time would be reasonable and necessary time to produce work product with the same message in five pages.

On November 10, 2020, Ms. Johnson researched the work backgrounds of Plaintiff's counsel. The Response includes extended references to both Mr. Hamilton's and Mr. Yuen's work histories. The research work and the references were redundant of work Defendants' counsel had previously employed in other personalized references to Plaintiff's counsel in Defendants' prior filings. This redundant work should not be included in a sanctions award given its doubtful relevance and the fact that Defendants' counsel already had the information. As a result, the 7.5 hours of work upon which the Court might base an attorney's fee award should be reduced to 5.5 hours.

For the reasons explained above, the Court should sustain Plaintiff's objections to the Statement of Fees.

Respectfully submitted this 4th day of January 2021.

**/s/ Kenneth R. Barrett**
Kenneth Royce Barrett
3740 Greenbriar #541873
Houston, Texas 77254
State Bar No. 01812200
SDTX: 12045
COUNSEL FOR PLAINTIFF
SOPHY TREADWAY

CERTIFICATE OF SERVICE

4

I hereby certify that a true and correct copy of the foregoing **OBJECTIONS OF SOPHY TREADWAY TO ATTORNEY'S FEE AFFIDAVIT OF DEFENDANTS** was served upon counsel for Defendants via the Court's CM/EMF service on this 4th day of January 2021.

**/s/ Kenneth R. Barrett**
Kenneth Royce Barrett