United States District Court
Southern District of Texas
**ENTERED**
March 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY  TREADWAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-244 |
| | § | |
| SOPHEAK  OTERO, *et al*, | § | |
| | § | |
| Defendants. | § | |

## SANCTIONS ORDER

Before the Court are Plaintiff's objections to the imposition of sanctions (D.E. 173) and the amount of fees requested (D.E. 174).  *See also*, responses and replies, D.E. 175, 176, 177, 178.   For the reasons set out below, the Court OVERRULES the objections and ORDERS Plaintiff's counsel, Byron Hamilton, to pay attorney's fees in the amount of $6,896.25 to Defendants' counsel as SANCTIONS.

## DISCUSSION

### A. Background

Plaintiff's designation of Mr. Williamson as an expert in this case was stricken for at least three reasons:  (1) it was untimely; (2) he is not qualified to testify regarding some of the subject matter for which he was designated; and (3) he offered legal opinions, which are not proper expert opinions and amount to nothing more than an effort to lend expert imprimatur to Plaintiff's legal position.  *See* D.E. 147, p. 9 n.9.

Since the Magistrate Judge's first decision to strike Williamson's designation, Plaintiff's counsel has mounted multiple efforts to reverse the result based on the

untimeliness of the designation, without addressing the infirmity in the designee's qualifications or the propriety of his opinions. For that reason, this Court previously determined that a sanction in the form of the award of Defendant's attorney's fees was appropriate to address Plaintiff's vexatious multiplication of the proceedings. Order Affirming Striking of Expert, D.E. 170.

Plaintiff's challenge to the Magistrate Judge's grounds for striking the expert and refusing to allow a later supplementation of the expert designation were wholly lacking in merit—not once, not twice, but three times. Without considering the initial dispute on Defendants' motion to strike, which was briefed in connection with the summary judgment proceedings, the frivolous challenges include the following proceedings:

- First, Plaintiff's counsel, Byron Hamilton, signed and filed an objection to the Magistrate Judge's initial ruling, appealing the nondispositive matter to this Court without demonstrating any error in the decision as required by Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). Rather counsel briefed the matter as if the appeal was de novo, merely repeating arguments that had previously failed. D.E. 154 (Plaintiff's objections); D.E. 158 (this Court's decision overruling same).

- Second, Plaintiff's counsel, Byron Hamilton, signed and filed a motion to supplement the expert designation, seeking relief only from Plaintiff's failure to timely designate the expert. The motion did not address the defects in the expert's qualifications and proffered opinions, which were independent reasons for striking his designation. D.E. 163.

The Magistrate Judge denied the motion and deferred Defendants' request for sanctions to this Court in the event of an additional appeal.[1] D.E. 168.

- Third, Plaintiff's counsel, Byron Hamilton, signed and filed an appeal of the Magistrate Judge's denial of the motion to supplement experts, mischaracterizing the first ruling as being related only to the summary judgment proceedings and not to the trial. Without attempting any cure of the substantive complaints regarding the expert, Plaintiff's counsel also asked that any issue going to the substance of the expert's testimony be considered—yet again—on objection at trial. This request is made despite the determination that the expert was not qualified in some areas and offered only legal conclusions and advocacy in others— a decision already twice affirmed. D.E. 169. The Court affirmed the decision to deny supplementation and concluded that sanctions for the repeated meritless appeals were in order. D.E. 170.

Exercising restraint, the Court indicated that the attorney's fees to be awarded as sanctions would be limited to the charges Defendants incurred only in response to the second and third meritless challenges.

---

[1]  Plaintiff characterizes the Magistrate Judge's deferral of the sanctions issue as questioning whether Defendants actually moved for sanctions.  D.E. 177, p. 4 ("In fact, the Magistrate Court's description of the issue suggests that the Magistrate Court was not entirely sure whether Defendants were actually moving for relief.  It stated that 'to the extent that defendants are requesting' sanctions.").  Had the Magistrate Judge found the request for sanctions insufficient, he would have made a recommendation to deny the relief for that reason.  Instead, he deferred the request to this Court for its exercise of discretion.  Because the Magistrate Judge deferred the ruling on this issue, the Court rejects Defendants' suggestion that Plaintiff waived any objection to sanctions by failing to object to the M&R on that basis.  *See* D.E. 175, pp. 3-6.

## B. Sanctions

### 1. Authority and Standard of Review

The Court may award sanctions against counsel under 28 U.S.C. § 1927, which states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The award of sanctions is committed to the court's sound discretion, with fact findings subject to a clearly erroneous standard. *Meyers v. Textron Fin. Corp.*, 609 F. App'x 775, 777 (5th Cir. 2015). The court's decision may be made on the basis of the written submissions without an evidentiary hearing, consistent with the purpose of sanctions to avoid unnecessary expense and delay. *See Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1192 (5th Cir. 1996) (addressing sanctions under Rule 11, which carries with it the most stringent procedural safeguards).

### 2. Plaintiff's Objections

Plaintiff raises two objections to the Court's power to issue sanctions: (1) the Court has not required compliance with the safe harbor procedures or other restrictions attendant to Rule 11 sanctions; and (2) Plaintiff has been denied due process. The first objection is readily rejected because the Court has not invoked Rule 11 and its procedural requirements do not apply when sanctions are awarded under another source. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991) (each source—Rule 11, § 1927, and the

court's inherent powers—are subject to separate procedural requirements that do not cross-apply).  Because the Court's decision to issue sanctions is not based on Rule 11, Plaintiff's briefing of its procedural requirements is moot and the objection is OVERRULED.

With respect to general guarantees of due process applicable here, Plaintiff complains that:  (a) the Court did not provide adequate notice because it was required to issue a show cause order identifying both the specific party or attorney against whom sanctions were threatened and the authority under which sanctions would be considered; and (b) the Court did not provide an opportunity to be heard on the merits.

**Notice**.  Plaintiff has offered no authority that entitles her or her counsel to a show cause order as a condition precedent to awarding sanctions under 28 U.S.C. § 1927.[2] Sufficient notice to comply with due process was provided in Defendants' response to Plaintiff's motion to supplement.  There, Defendants suggested that sanctions were called for to deter Plaintiff's vexatious multiplication of the proceedings, which has been a recurrent problem in this case.  D.E. 166, p. 17 & n.21; *see* D.E. 157 (Order affirming issuance of monetary sanctions against Plaintiff's counsel, Xenos Man-Wah Yuen).

---

[2]   In contrast, the Court's research indicates that a show cause order is a requirement only of the intent to impose Rule 11 sanctions sua sponte.  *Brunig v. Clark*, 560 F.3d 292, 297 & n.19 (5th Cir. 2009) (finding Rule 11 show cause order sufficient in magistrate judge's recommendation that district court award sanctions and indicating that an opportunity to object prior to imposition of sanctions would be sufficient); *Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 379 (5th Cir. 2008); *cf. Meyers v. Textron Fin. Corp.*, 609 F. App'x 775, 778 (5th Cir. 2015) (all that is required for Rule 11 and § 1927 sanctions is notice and an opportunity to be heard); *Crawford v. San Marcos ISD*, A-09-CA-649 LY, 2011 WL 5155595, at *1 (W.D. Tex. Oct. 28, 2011) (Rule 11 sanctions can be awarded after a show cause order or an opponent's motion).  The Fifth Circuit, differentiating the different sources for an award of sanctions, stated that (1) a court may not impose sanctions under Rule 11 by sua sponte order unless a show cause order has issued; (2) sanctions under a court's inherent power require a finding of bad faith; and (3) sanctions under § 1927 must be supported by findings that identify the sanctionable conduct and distinguish it from the reasons for the decision on the merits, and link the sanctionable conduct to the size of the sanctions.  *Arnold v. Fed. Nat. Mortg. Ass'n*, 569 F. App'x 223, 224 (5th Cir. 2014) (also requiring that there be findings eliminating any confusion regarding the authority supporting the sanctions).

Defendants raised the issue of sanctions when responding to the motion to supplement the expert designation:

> [T]there is nothing new raised by the Motion and the issues have been similarly rejected twice before by this Court. Thus, there is a cost in responding to the Motion, which has all the earmarks of being without merit, done in a way designed to increase costs exponentially. In sum, while denial of the Motion is Defendants' targeted and principal aim, Defendants also suggest that these circumstances may justify the imposition of sanctions, and, if awarded, the costs of this response should be considered.

D.E. 166, p. 17 (including a footnote citing 28 U.S.C. § 1927 and three cases addressing that statute and vexatious litigation as warranting sanctions). Plaintiff's response acknowledged the request. "Defendants raise the allegations that this motion should subject the plaintiff to sanctions. . . . Without any cited authority justifying said allegations, they do not warrant response." D.E. 167, p. 9 (noting that the discovery rules do not support sanctions and ignoring the authorities cited in Defendants' footnote).

Plaintiff and her counsel were on notice that they were subject to a sanctions request under § 1927 by virtue of Defendant's briefing in the course of motion proceedings.[3] This is sufficient to satisfy due process concerns. *See Gonzalez v. Fresenius Med. Care N. Am*., 689 F.3d 470, 481 (5th Cir. 2012); *see also, Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc*., 38 F.3d 1414, 1418 (5th Cir. 1994). In addition, this Court's Order Affirming Striking of Expert provided more notice of its intent: "This defiance of the Court's prior ruling with untimely and/or previously-

---

[3] Plaintiff relies on an out-of-context statement by Defendants that they "never asked for sanctions." D.E. 166, p. 17. The statement was made in the context of not having requested a monetary recovery. Nothing in the statement controverts the readily observable fact that Defendants raised the issue as a matter of controlling Plaintiff's vexatious litigation strategy.

rejected arguments amounts to a vexatious multiplication of the proceedings such that sanctions are warranted." D.E. 170.

Plaintiff and her counsel have had adequate notice of the invocation of § 1927 sanctions against them. By its terms, § 1927 applies to "[a]ny attorney or other person admitted to conduct cases in any court of the United States," making attorney Byron Hamilton subject to sanctions as the attorney who filed the vexatious proceedings at issue, even though he was not individually named. All due process notice requirements have been met.

**Opportunity to Be Heard**. Plaintiff and her counsel had an opportunity to be heard on three occasions: (1) in the context of their reply in support of the motion to supplement after Defendants raised the issue of sanctions (D.E. 167); (2) in their appeal of the Magistrate Judge's decision to deny the motion to supplement, deferring the issue of sanctions to this Court (D.E. 169); and (3) in their objection to this Court's order indicating that sanctions would be, but have not yet been, ordered (D.E. 170).

While Plaintiff has filed two separate objections to the order (D.E. 170) in advance of issuing the sanctions, neither offers any reason that Byron Hamilton's conduct was appropriate under the rules of civil procedure or the orders of this Court or should not be sanctioned on the merits of his trial strategy. Neither Plaintiff nor her attorneys have attempted any defense of their conduct in connection with the stricken expert designation, choosing instead to challenge sanctions through additional vexatiously-multiplied proceedings, addressing only procedural grounds.

No additional hearing is necessary when there is no factual dispute on the merits, the sanctionable conduct appears on the record before the Court, and the same judge who has been subjected to the vexatious litigation practices is ruling on the issue of sanctions. *Gonzalez*, 689 F.3d at 481.  Plaintiff and her counsel, Byron Hamilton, have received all of the due process protections required under the circumstances.  Because there is no indication that Plaintiff directed her counsel to engage in vexatious litigation practices, this Court may issue sanctions against her signatory counsel, Byron Hamilton.

## C. Amount of Fees

### 1. Standard of Review

The Court has indicated the intent to use compensatory attorney's fees as the measure of sanctions in this case.

> "The essential goal" in shifting fees is "to do rough justice, not to achieve auditing perfection."  Accordingly, a district court "may take into account [its] overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."  The court may decide, for example, that all (or a set percentage) of a particular category of expenses—say, for expert discovery—were incurred solely because of a litigant's bad-faith conduct.  And such judgments, in light of the trial court's "superior understanding of the litigation," are entitled to substantial deference on appeal.

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017) (citations omitted).

In the Fifth Circuit, reasonable attorneys' fees are calculated using the lodestar method.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995).  To determine the lodestar, the court must determine the reasonable number of hours

expended by the attorney and the reasonable hourly rate for the attorney.  The court then multiplies the number of hours by the hourly rate.  *Id*. at 324.  The lodestar is intended to reflect "the prevailing market rates in the relevant community."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).  An attorney's requested hourly rate is prima facie reasonable when he or she requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested.  *Kellstrom*, 50 F.3d at 328.

There is a strong presumption in favor of the lodestar amount, but it may be adjusted up or down based on twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).  *Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).  The factors considered in *Johnson* include: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717–19.

"[T]he lodestar figure includes most, if not all, of the 'relevant factors' constituting a reasonable attorney's fee."  *Perdue*, 559 U.S. at 553.  Accordingly, enhancements based on the *Johnson* factors are rare but may be awarded in exceptional

circumstances. *Id*. at 552. An enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation. *Id*. at 553. Thus, the novelty and complexity of a case generally may not be used as a ground for enhancement because those factors presumably are reflected in the number of billable hours recorded by the attorney. *Id*. In addition, time limitations and the preclusion of other employment by the attorney generally are subsumed in the lodestar calculation. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043–44 (5th Cir. 1999).

"'[T]he burden is on the applicant to produce satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 896, n.11 (2011)). Courts further require applicants to provide contemporaneous billing records or other documents, which are examined to determine which hours are compensable and which are not. *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 755 (S.D. Tex. 2008).

"The party seeking attorneys' fees must present adequately documented time records to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Parties seeking attorneys' fees have the burden of showing the reasonableness of the hours billed and also of proving that they exercised billing judgment. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). Counsel exercises billing

judgment when he or she documents hours charged and the hours written off as unproductive, excessive, or redundant.  *Id.* at 434.

### 2. Plaintiff's Objections

Plaintiff asserts three objections:  (1) awarding any sanctions does not comport with procedural due process requirements; (2) Plaintiff was entitled to 21-days' notice of the amount of fees requested; and (3) the hours Defendants claim are excessive, compared to the amount of work necessary to respond to Plaintiff's motion and objections.  The first objection is overruled as the due process arguments surrounding the award of sanctions have been rejected, above.  The second objection is overruled as Plaintiff has not cited any authority for a 21-day notice requirement under § 1927.[4] Rather, the requirement is stated as relating to Rule 11, which is moot.

Plaintiff suggests in her sur-reply that all of the sanctions issues could have been avoided had Defendants only asked that Plaintiff withdraw her offending challenges. Plaintiff's counsel's hardball tactics throughout this litigation have been unrelenting at every level, needlessly taxing this Court's resources as well as those of Defendants.

The Court has reviewed the time charges and finds them appropriate.  There is no challenge to the hourly rates, the lodestar calculation appropriately takes into consideration all of the *Johnson* factors, and Defendants exercised billing judgment reducing their charges.   The Court FINDS that the requested fees are reasonable, necessary, just, and equitable and they will be awarded in full.

---

[4]   If, instead, Plaintiff is relying on the Southern District of Texas's Local Rules regarding motion practice, the 21-day submission date and response deadline is subject to a court order shortening the deadlines.  Local Rule 7.8.

## CONCLUSION

For the reasons set out above, pursuant to 28 U.S.C. § 1927, the Court ORDERS Plaintiff's counsel, Byron Hamilton, to pay to Defendants' counsel, Andrea Marie Johnson, the amount of $6,896.25 as a sanction for the vexatious multiplication of proceedings relating to the striking of the expert designation of Mr. Williamson.

ORDERED this 5th day of March, 2021.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE