United States District Court
Southern District of Texas
**ENTERED**
October 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00244 |
| | § | |
| SOPHEAK OTERO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

On July 7, 2022, Plaintiff's counsel Xenos Man-Wah Yuen was ordered by United States District Judge Nelva Gonzales Ramos to pay defense counsel $20,661.34 on or before August 7, 2022. (D.E. 337). On August 15, 2022, Defendants filed the pending Motion for Contempt asserting Mr. Yuen had failed to comply with this Court's Order. (D.E. 369). On September 14, 2022, after Mr. Yuen still had not filed a response to the Motion for Contempt, he was ordered to do so on or before September 21, 2022 and to show cause why he should not be held in contempt for failing to pay the sanction as ordered and for failing to respond to the pending Motion. (D.E. 384).

Mr. Yuen filed a response on September 21, 2022, although the undersigned notes he does not address why he failed to respond to the Motion for Contempt in a timely

manner.   (D.E. 385).   Having reviewed the Motion and Mr. Yuen's response, the undersigned recommends that the Motion for Contempt be **GRANTED** and that Mr. Yuen be **REPRIMANDED**[1] for not complying with the Court's previous sanctions orders.   The undersigned further recommends final judgment be **ENTERED** against Mr. Yuen for all outstanding sanctions orders.   (D.E. 337 and D.E. 383).   District courts enjoy broad discretion to enforce sanction orders.   *In re United Mkts. Int'l Inc.*, 24 F.3d 650, 656 (5th Cir. 1994).   "[A] sanction award may be reduced to a judgment if the sanctioned party has failed to pay the sanctions despite being provided with the opportunity to do so."   *Mass Mutual Life Ins. Co. v. Williamson*, Nos. 4:15-cv-166 and 4:15-cv-184, 2019 WL 7195318, at *3 (N.D. Miss. Dec. 26, 2019) (citing *Moore v. Harris*, 600 F. App'x 201, 204-05 (5th Cir. 2015)); *Hoggatt v. Allstate Ins.*, 502 F.Supp.3d 1110, 1114 (N.D. Miss. 2020) (same).

Here, Mr. Yuen has failed to pay the July 7, 2022 sanction as ordered and has also indicated that he will not pay the September 14, 2022 sanction as ordered.  (D.E. 385).[2]  By reducing the sanction orders to judgments, the Court will ensure that defense counsel will

---

[1] The undersigned does not recommend a financial contempt sanction because previous financial sanctions have been ineffective in dealing with Mr. Yuen's misconduct.  Charges of Misconduct Warranting Discipline against Mr. Yuen have been forwarded to Chief United States District Judge Lee Rosenthal in accordance with Rule 5 of the Rules of Discipline for the United States District Court, Southern District of Texas, Appendix A, Local Rules.  The undersigned is of the opinion that the referral is the appropriate way for the Court to address Mr. Yuen's ongoing misconduct and persistent violation of Court orders.

[2] The undersigned notes Mr. Yuen has objected to the September 14, 2022 sanctions order.  (D.E. 381 and D.E. 386).  Therefore, the portion of this M & R related to this sanctions order is contingent upon the Court's ruling on those objections.

be able to use the tools made available for enforcing judgments, including post judgment

discovery and collection.

ORDERED on October 4, 2022.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).