Case 2:19-cv-00244   Document 389   Filed on 12/06/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SOPHY TREADWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00244 |
| | § | |
| SOPHEAK OTERO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER REGARDING POSTTRIAL MATTERS

Before the Court are a number of challenges to posttrial rulings in this case.

A.

On June 17, 2022, this Court entered its Order Granting Defendants' Emergency Motion to Expunge Lis Pendens (D.E. 316) to correct unlawful collection tactics by Plaintiff and her counsel and allowing Defendants to support their request for attorneys' fees incurred in addressing the abusive conduct. This was followed on July 7, 2022, with the Court's Order (D.E. 337), which superseded the prior Order only insofar as it awarded attorneys' fees in the amount of $20,661.34 as sanctions against attorney Xenos Yuen, only, and in favor of Defendants.

When attorney Yuen failed to pay the sanctions order, Defendants filed their motion for contempt (D.E. 369). After the time for responding to the motion expired and attorney Yuen had not filed a response, United States Magistrate Judge Jason Libby entered his Order (D.E. 384) requiring attorney Yuen to show cause why he should not be held in

1 / 6

contempt on or before September 21, 2022. On that date, attorney Yuen filed a "Response to Show Cause Order and Request for Hearing Before the District Court" (D.E. 385) complaining of his alleged inability to pay the sanctions as ordered and challenging the Magistrate Judge's jurisdiction to rule on the motion for contempt without the parties' agreement.

The Court **DENIES** the request (D.E. 385) for hearing and **OVERRULES** attorney Yuen's objection to the Magistrate Judge's jurisdiction. Under 28 U.S.C. § 636(b)(1)(B) the Magistrate Judge may enter recommendations on dispositive motions and has done so with respect to the motion for contempt. *See* D.E. 387.

B

After being sanctioned for unlawful collection efforts, Plaintiff's counsel engaged in additional unlawful collection tactics, prompting additional motions, responses, and briefing. As a result, Magistrate Judge Libby entered his Order (D.E. 373), which details the long history of Plaintiff and attorney Yuen's vexatious litigation tactics, the Court's prior efforts to address them with sanctions and other orders, the new unlawful conduct related to collection of the judgment against Defendants, and the additional abusive litigation efforts that followed. Pursuant to 28 U.S.C. § 1927 and the Court's inherent power, the Magistrate Judge expunged the wrongful lien documents that Plaintiff had filed in the deed records and stated that he would award additional sanctions, along with other measures.

Plaintiff and attorney Yuen filed an objection (D.E. 381) to Magistrate Judge Libby's Order. In it, Yuen argues that he did only what was necessary to protect his client's rights and his only mistakes were understandable under allegedly ambiguous law. He also argues that, at most, he made frivolous arguments that are not sanctionable. Yuen's arguments have been heard and rejected by the Magistrate Judge and this Court, previously. Prior Orders have been abundantly clear, yet Yuen has refused to comply with their directives. The Court **OVERRULES** any suggestion that the conduct for which Yuen has been sanctioned was reasonable or taken in good faith.

Plaintiff and Yuen also argue that the Magistrate Judge does not have the power to enter sanctions. This argument is inconsistent with the inherent power of every court and the reference in 28 U.S.C. § 1927 to "any court of the United States." Indeed, 28 U.S.C. § 636(e)(4), which limits a Magistrate Judge's contempt powers, specifically states, "This paragraph shall not be construed to limit the authority of a magistrate judge to order sanctions under any other statute, the Federal Rules of Civil Procedure, or the Federal Rules of Criminal Procedure." Yuen's argument that the Constitution does not give court authority to magistrate judges is contrary to United States Constitution Article 1, § 8, which states that the Congress has the power "to constitute tribunals inferior to the supreme court" and 28 U.S.C. § 631, which is the legislation creating positions for magistrate judges. The Court **OVERRULES** the objection to the Magistrate Judge's authority and any suggestions that the Order at issue is not a final order (but is rather a memorandum and recommendation).

Plaintiff and Yuen in two separate objections argue that the evidence is insufficient to support sanctions. This Court is well aware of the nature of the litigation in this case, both pretrial and posttrial. This Court is also disturbed by the fact that multiple sanctions orders and direct warnings have proven ineffective to gain Yuen's compliance with the law. The Court has reviewed the evidence and **OVERRULES** the objections to sufficiency of the evidence.

Plaintiff and Yuen argue that sanctions are inappropriate for actions taken by a judgment creditor. This argument fails to acknowledge that Yuen's conduct included abusive misrepresentations of the Court's and Clerk of Court's authority. The objection is **OVERRULED**.

Plaintiff and Yuen have failed to demonstrate that the Magistrate Judge clearly erred or improperly applied the law. The Court **OVERRULES** the objections in their entirety.

C

After Defendants submitted their attorneys' fee evidence, Magistrate Judge Libby entered his Order Imposing Sanctions (D.E. 383) on September 14, 2022. The Order granted Defendants additional attorneys' fees as sanctions in the amount of $19,299.88 to be paid by attorney Yuen on or before October 13, 2022. Plaintiff and attorney Yuen filed their objections (D.E. 386), to which Defendants responded (D.E. 388).

Plaintiff and Yuen's objections to the sufficiency of the evidence are conclusory or contrary to the record and are **OVERRULED**. As set out above, the Court **OVERRULES** the objection to the Magistrate Judge's authority to enter a sanctions order.

The complaint that Plaintiff and Yuen are entitled to a hearing in open court is not supported by authority and is inconsistent with the record. Plaintiff and Yuen were afforded a hearing prior to the entry of the order that sanctions would be entered and had notice and an opportunity to respond to the evidence of attorneys' fees. Plaintiff and Yuen are not entitled to a mini-trial on the amount of attorney's fees. The complaint is **OVERRULED**.

Plaintiff and Yuen make specific objections to the affidavit supporting the attorneys' fees. The objections are conclusory, obtuse, and improperly challenge immaterial arguments in the affidavit. Rather than state meritorious objections, the arguments are calculated only to require Defendants to undertake additional work to further justify their attorneys' fees or require the Court to repeat explanations in support of sanctions and prolong the draining of judicial resources to address abusive litigation tactics. The objections are **OVERRULED**.

Yuen further objects that he is unable to pay the sanctions. This objection does not state a legal basis for relieving him of the consequences of his actions in this case and is not supported by authority. The objection is **OVERRULED**.

Plaintiff and Yuen's objections to the sanctions order are **OVERRULED** in their entirety.

D

On October 4, 2022, Magistrate Judge Libby issued his "Memorandum and Recommendation" (M&R, D.E. 387), recommending that Defendants' motion for

contempt against attorney Yuen—for failure to pay the sanctions ordered—be granted and that the sanctions be reduced to judgment. The parties were provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections have been timely filed.

When no timely objection to a magistrate judge's M&R is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's M&R. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's M&R (D.E. 387), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **GRANTS** Defendants' motion for contempt (D.E. 369) and will enter judgment for amounts owed under the Courts' sanctions orders. The Court **ORDERS** Defendants to submit on or before December 19, 2022, a statement itemizing the amounts that remain due and owing on each of the sanctions orders.

ORDERED on December 6, 2022.

*/s/ Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE